[S. F. No. 400. Department Two.—December 7, 1896.]

JOSEPH E. SHAIN, RESPONDENT, *v.* GEORGE H. MAXWELL, EXECUTOR, ETC., APPELLANT.

ASSUMPSIT — GOODS FURNISHED — MONEY ADVANCED—BILL OF PARTICU-
LARS—ORDER DENYING FURTHER BILL—INSUFFICIENT BILL OF EXCEP-
TIONS.—After a bill of particulars has been served in an action to recover
a balance of account for goods furnished and money advanced, and an
order has been made denying a motion for a further bill of particulars,
there is no foundation for argument that the order should have been
different, where the bill of exceptions does not show what evidence was
used in support of the motion, or whether the former bill of particulars
was placed in evidence, or exhibited to the court.

ID.—CHARGES FOR WINES AND LIQUORS—APPLICATION OF PAYMENTS—AP-
PEAL—SUPPORT OF VERDICT—ABSENCE OF EVIDENCE.—Where there
is nothing in the record upon appeal to show what evidence was ad-
duced at the trial, the propriety of a verdict for the plaintiff cannot be
indirectly impeached by a bill of particulars showing that certain items
of the account were for wines and liquors, and that payments were ac-
knowledged upon the account, which in amount were sufficient to ex-
tinguish the whole of the account, exclusive of such items; but it is
sufficient to support the verdict, that it may have been proved that the
parties to the account agreed to such application of payments as would
support the verdict.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. JOHN HUNT, Judge.

The facts are stated in the opinion.

*Eugene R. Garber,* for Appellant.

The bill of exceptions fully and clearly identifies the document used in support of the motion, and is suffi-cient. (*People* v. *Wallace,* 94 Cal. 497; *Sharon* v. *Sharon,* 79 Cal. 633; Code Civ. Proc., sec. 648.) The bill of par-ticulars shows that the various liquors therein charged for were sold at retail. (Wharton's Law Lexicon; Bou-vier's Law Dictionary; 21 Am. & Eng. Ency. of Law, 296; *Commonwealth* v. *Kimball,* 7 Met. 304; *Bridges* v. *State,* 37 Ark. 224; Black's Law Dictionary; *Gorsuth* v. *Butterfield,* 2 Wis. 175; *State* v. *Lowenhaught,* 11 Lea, 13; *Webb* v. *Baird,* 11 Lea, 667.) The verdict should have been rendered for the defendant. (Stats. 1873–74, p. 509.) The court will make the application of pay-

ments to those items only which are a valid consideration for a promise on an *assumpsit*, and not to those which are declared illegal. (18 Am. & Eng. Ency. of Law, 248.)

*Vincent Neale*, for Respondent.

The court can only inspect the legal record on appeal, and cannot inspect any other document. (*Spinetti* v. *Brignardello*, 53 Cal. 283; *Sichler* v. *Look*, 93 Cal. 607.) The bill of exceptions, even if incorporated as it might have been in the judgment-roll, is insufficient for any purpose. (*Shain* v. *Eikerenkotter*, 88 Cal. 13; *Peltret* v. *Frank*, 66 Cal. 34; *Herrlich* v. *McDonald*, 80 Cal. 472; *Somers* v. *Somers*, 81 Cal. 608; *Adams* v. *Andross*, 85 Cal. 609.)

Britt, C.—Action to recover a balance of $2,382.50 on an account for goods furnished and cash advanced to defendant's testator. Plaintiff had a verdict and judgment for $750. In the judgment-roll appears a bill of exceptions, the sum and substance of which is, that the court heard defendant's motion for an order requiring plaintiff to furnish a "further and other" bill of particulars more specific than one he had previously, on December 5, 1893, served on defendant and filed with the clerk; that defendant's notice of such motion and the said bill of particulars "are hereby referred to and made a part of this bill of exceptions as fully as though incorporated herein"; that, after argument on the motion, the court denied the same, and defendant excepted.

A paper entitled in the cause, indorsed as filed by the clerk December 5, 1893, and purporting to be a bill of particulars, is printed in the transcript near said bill of exceptions. Respondent insists that this is not identified as the document of that date mentioned in the bill of exceptions, and cannot be considered on the appeal. We think, however, that no decision on this matter is necessary; for, conceding the identification of the document as part of the record to be sufficient,

there is yet nothing in the bill of exceptions to show upon what evidence the court made its order; the reference to the paper of December 5, 1893, is to it merely as the subject concerning which defendant desired action by the court; it is not shown that the same was introduced in evidence to support the motion, or that it was before the court in any manner prior to the settlement of the bill of exceptions. For anything appearing, the motion may have been denied for the reason that the nature and contents of the bill previously rendered by the plaintiff were not exhibited to the court. There is, therefore, no foundation for argument that the order should have been different.

It appears from the said bill of items in the transcript that the larger part of the account in question was for wines and liquors furnished to said testator. Appellant contends that this was a retail liquor account, and that under the statute of March 20, 1874 (Stats. 1873–74, p. 509), no recovery could be had thereon exceeding five dollars, and he presents sundry computations to show that payments acknowledged in the bill were more than sufficient to extinguish the whole thereof, except items within said statute; hence he claims that the verdict should have been in his favor. But, obviously, the propriety of the verdict cannot be impeached by a method so indirect; there is nothing in the record to show what evidence was produced at the trial; it may have been proved that the parties to the account agreed that payments should be applied to the several charges in the order of their date, in which case—so far as any possible effect of the act of 1874 is concerned—the verdict might have been much larger.

The judgment should be affirmed.

SEARLS, C., and HAYNES, C., concurred

For the reasons given in the foregoing opinion the judgment is affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.